3/16/2021 8:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51497217
By: D Burton
Filed: 3/16/2021 8:23 AM

CAUSE NO.: _____

| | | |
|---|---|---|
| JESUS MATA and NAHUM GIRON DOMINGUEZ | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| DAVIS TRUCKING OILFIELD OUTLAW, LLC. and JOHN GUIDRY | § § § | |
| *Defendants.* | § § | _____ JUDICIAL  DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JESUS MATA and NAHUM GIRON DOMINGUEZ, Plaintiffs in the above-styled and numbered cause, and files this, their Original Petition complaining of DAVIS TRUCKING OILFIELD OUTLAW, LLC and JOHN GUIDRY (hereinafter collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

### I.      DISCOVERY CONTROL PLAN

1.1     Pursuant to TEXAS RULES OF CIVIL PROCEDURE 190.1 and 190.3, discovery in this lawsuit is intended to be conducted under Level 2.

### II.      CLAIM FOR RELIEF

2.1     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 47, Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000.  In the alternative, Plaintiffs seek monetary relief of over $1,000,000.

### III.      PARTIES

3.1     Plaintiff JESUS MATA ("Plaintiff Mata") is an individual resident of Pasadena, Harris County, Texas.

3.2     Plaintiff NAHUM GIRON DOMINGUEZ ("Plaintiff Dominguez") is an individual

resident of Houston, Harris County, Texas.

3.3     Defendant DAVIS TRUCKING OILFIELD OUTLAW, LLC. ("Defendant Davis Trucking") is a limited liability company authorized to do business in Texas.  Pursuant to the Texas Business Organization Code and Texas Rule of Civil Procedure 106, Defendant Davis Trucking may be served with process by delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent: **Carlie Davis, 207 Section Street, Rayne, LA 70578.**

3.4     Defendant JOHN GUIDRY ("Defendant Guidry") is an individual resident of Harris County, Texas who may be served with process at his residence at **108 Melissa Street, Church Point, LA 75025**, or wherever he may be found.

## IV.     JURISDICTION AND VENUE

4 .1     The Court has jurisdiction in this cause because the damages to Plaintiffs are within the jurisdictional limits of the Court.

4.2     Venue is proper in Harris County pursuant to CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V.     FACTS

5.1     On or about September 27, 2019, around 10:45 a.m., Defendant Guidry was operating a White 1997 Peterbilt tractor trailer, hauling an oversize wide load, on behalf Defendant Davis Trucking traveling west bound on the 610 South Loop East freeway feeder road.

5.2     At the same time, Plaintiff Dominguez was the operator of a Gold Ford Ranger pick-up truck with Plaintiff Mata as a front seat passenger.  Plaintiff Dominguez was stopped in the right lane of 610 South Loop East Freeway Service Road, behind approximately 5-7 vehicles at a red light at the intersection of Wayside Drive.  Suddenly, Defendant Guidry failed to control his speed

while operating an oversize tractor trailer and violently struck the rear of the Plaintiff vehicle, throwing it up onto the right curb.

5.3     Defendant Guidry's negligent acts were the proximate cause of this occurrence.

5.4     Plaintiffs did not cause or contribute to this occurrence in any way.

5.5     Following the collision, Plaintiff Dominguez received reasonable and necessary medical treatment for a post-traumatic right shoulder tears, lumbar disc herniations with radiculopathy and cervical disc herniations with radiculopathy.   On January 20, 2020, Mr. Dominguez received a lumbar epidural steroid injection at the L4-5 level and a cervical epidural steroid injection at the C7-T1 level.   At the recommendation of his treating physicians, Mr. Dominguez underwent a right shoulder arthroscopy, debridement, superior labrum anterior and posterior repair surgery on January 21, 2020.

5.6     Following the collision, Plaintiff Mata received reasonable and necessary medical treatment for significant traumatic multi-level cervical and lumbar disc herniations with radiculopathy.  On January 28, 2020, Mr. Mata received a lumbar epidural steroid injection at the L-5 level.  Mr. Mata's physicians have recommended additional lumbar steroid injections.  Mr. Mata's physicians have recommended a 3-level anterior cervical discectomy and fusion.

5.7     Officer A. Tamayo (Badge #8107) of the Texas Department of Public Safety investigated the incident and determined that Defendant Guidry failed to control his speed and that his actions were the only contributing factors to the collision. Defendant Guidry was issued Citation #143104534 for failing to control his speed.

5.8     At the time of the crash, Defendant Guidry was operating a vehicle owned and/or leased by Defendant Davis Trucking.  At all times material to this lawsuit, Defendant Guidry was an employee and/or agent of Defendant Davis Trucking, and was acting within the course and scope

of his employment with Defendant and subject to Defendant's DOT operating authority, under USDOT No. 03026035.

## VI.   NEGLIGENCE OF DEFENDANT GUIDRY

6.1     The collision made the basis of this lawsuit resulted from the improper conduct and negligent acts of commission and omission by Defendant Guidry. Defendant Guidry's conduct constituted negligence, as that term is understood in law, and such negligent conduct was a proximate cause of the occurrence and Plaintiff's injuries and damages.

6.2     Defendant Guidry had a duty to exercise ordinary care while driving. Defendant Guidry breached that duty of care. Defendant Guidry's negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

    a.    failing to control his speed, in violation of TEXAS TRANSPORTATION CODE § 545.351;

    b.    failing to safely operate an oversize load;

    c.    failing to safely operate a wide load;

    d.    failing to apply the brakes properly and/or timely;

    e.    failing to pay attention to the roadway;

    f.    failing to warn Plaintiff by signaling the horn of the vehicle;

    j.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

    k.    failing to take proper evasive action;

    l.    failing to keep a proper lookout;

    m.    failing to drive in a single lane; and/or

    n.    other acts of negligence

6.3     One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Guidry constituted negligence, and such negligence was a proximate cause of the

occurrence of Plaintiffs' injuries and damages.

## VII.   NEGLIGENCE OF DEFENDANT DAVIS TRUCKING

7.1     Defendant, Davis Trucking was the owner of the vehicle being operated by Defendant Guidry.  The conduct of Defendant Davis Trucking constitutes negligence as the term is known in law.  Such negligent acts or omissions include, but are not limited to the following:

a.   allowing Defendant Guidry to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

b.   hiring and/or retaining Defendant Guidry to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

c.   entrusting a vehicle to Defendant Guidry, for the purpose of operating it on the public streets and highways of Texas, even though it knew or should have known he was a reckless or incompetent driver;

d.   failing to ensure that its vehicle would be driven properly;

e.   failing to properly train Defendant Guidry in the safe operation of a motor vehicle;

f.   failing to properly supervise Defendant Guidry with his driving activities;

g.   failing to properly maintain the vehicle in a safe operational condition;

h.   failing to maintain the vehicle to the minimal standard of safety;

i.   failing to establish and enforce safety rules and regulations;

j.   failing to properly educate, instruct and supervise in the performance of his duties;

k.   failing to adequately train, educate, or provide instructions and orders to persons;

l.   failing to provide proper safety manuals and instructions to employees responsible for the safety of other drivers;

m.   failing to properly secure and track its equipment;

n.   failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment;

o.      failing to properly train Defendant Guidry in the safe operation of an oversize and/or wide load; and/or

p.      other acts of negligence

7.2     One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence, and such negligence was a proximate cause of Plaintiffs' injuries and damages.  Plaintiffs were also within the class of people sought to be protected by the statutes Defendants violated and Plaintiffs' injuries were of the type these statutes were designed to prevent.

## VIII. RESPONDEAT SUPERIOR

8.1     Defendant, Davis Trucking, was the owner of the vehicle driven by Defendant Guidry, and all times material to this lawsuit, Guidry, was an employee and/or agent of Davis Trucking and was acting within the course and scope of his employment with this Defendant.  The collision made the basis of this lawsuit resulted from the negligent conduct of Defendant Guidry.  Consequently, Defendant Davis Trucking is vicariously liable to Plaintiff for the negligent conduct of Defendant Guidry, under the theory of *respondeat superior*.

## IX.     DAMAGES

9.1     As a result of the negligence of Defendants and the incident made the basis of this lawsuit, Plaintiffs sustained significant injuries and damages in the past and will, in reasonable probability, sustain damages in the future.

9.2     In the alternative, Plaintiffs had a pre-existing condition to one or more parts of their body affected by this accident. Plaintiffs assert that the negligence of the Defendant aggravated and exacerbated Plaintiffs' pre-existing condition(s).

9.3     Plaintiffs respectfully request that the trier of fact determine the amount of their damages and the losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.      past and future medical care expenses;

      b.      past and future loss of earning capacity and lost wages;

      c.      past and future physical pain and suffering and mental anguish;

      d.      past and future physical impairment;

      e.      past and future disfigurement; and

      f.      past and future loss of household services.

9.4     Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of this Court.

9.5     Plaintiffs seek both prejudgment and post-judgment interest as allowed by law, all costs of Court, and all other relief, both general and special, at law and in equity, to which he may be justly entitled.

## X.     JURY DEMAND

10.1    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 216, Plaintiffs respectfully request and demand a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XI.     RULE 193.7 NOTICE

11.1    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the producing defendant without the necessity of authenticating the documents.

## XII. PRESERVATION OF EVIDENCE

12.1    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the

incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Intervenor in the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants Guidry and Davis Trucking be cited in terms of law to appear and answer herein; that upon final trial and hearing hereof, Plaintiffs recover damages in accordance with the evidence; that Plaintiffs recover costs of court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law; and such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

/s/ *Karishma Patel Sandesara*

_____

Karishma Patel Sandesara
State Bar No.: 24098379
JIM S. ADLER & ASSOCIATES
1900 West Loop South, 20th Floor
Houston, TX 77027
Telephone: (713) 341-1318
Telecopier: (713) 781-2514
Email: ksandesara@jimadler.com

**ATTORNEYS FOR PLAINTIFFS**